IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Gary Steven Scott, ) | |
| ) | No. 6:14-cv-2750-RMG |
| Plaintiff, ) | |
| ) | **AMENDED ORDER** |
| v. ) | |
| ) | |
| Michael McCall, James Dean, Willie ) | |
| Davis, Thomas Commander, and ) | |
| Marion Fedd, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 32), recommending Defendants' Motion for Summary Judgment be granted. For the reasons stated below, the Court declines to adopt the reasoning of the R & R. However, the Court **GRANTS** Defendants' Motion for Summary Judgment (Dkt. No. 23).

## I. Background

Plaintiff Gary Steven Scott ("Plaintiff), a state prisoner proceeding *pro se*, filed this action on July 14, 2014 seeking relief under 42 U.S.C. § 1983, alleging his First and Fourteenth Amendment rights were violated as well as the Religious Land Use and Institutionalized Persons Act ("RLUIPA") when he did not receive his morning meal prior to sunrise during Ramadan in 2013 while an inmate at Lee Correctional Institution. (Dkt. No. 1). Defendants filed a Motion for Summary Judgment (Dkt. No. 23) and Plaintiff filed a Response (Dkt. No. 28). The Magistrate Judge issued an R & R recommending Defendants' Motion for Summary Judgment be granted in full on March 25, 2015. (Dkt. No. 32). Plaintiff was advised of his right to file written objections to the R & R and that a failure to file timely objections would result in limited

review by the District Court and waiver of the right to appeal from a judgment of the District Court order based upon such recommendation. (Dkt. No. 32 at 9). Plaintiff did not file timely objections to the R & R, and the Court ruled on the motion for summary Judgment on April 21, 2015 (Dkt. No. 35). Plaintiff filed a motion for extension of time to file a response to the R & R on April 28, 2015 (Dkt. No. 38), which the Court granted on May 1, 2015 (Dkt. No. 40), and a motion to vacate or rescind the order on April 29, 2015 (Dkt. No. 39). The Court granted the motion for extension and now grants the motion to vacate the prior order, and issues this Amended Order upon consideration of Plaintiff's Objections to the R & R. (Dkt. No. 43).

## II. Discussion

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber,* 423 U.S. 261, 270-271 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a *de novo* determination of those portions of the R & R to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b). However, as is the case here, where no objections are made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed.R.Civ.P. 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis,* 718 F.2d 198, 199-200 (4th Cir. 1983).

2

In reviewing this complaint, the Court is mindful of Plaintiff's *pro se* status. This Court is charged with liberally construing the pleadings of a *pro se* litigant. *See, e.g. De 'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a *pro se* plaintiff's clear failure to allege facts that set forth a cognizable claim, or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

The Complaint states that "[t]he Plaintiff submits that the violation occurred as a result of pure gross negligence and a reckless disregard to the Plaintiff's right to practice his faith of Islam." (Dkt. No. 1 at 7). However, negligence and disregard are not sufficient to allege a violation of the First Amendment; Plaintiff must show that jail officials intentionally placed a substantial burden on a plaintiff's ability to practice his religion in order to support a cause of action under Section 1983. *See Wall v. Wade*, 741 F.3d 492, 498 (4th Cir. 2014). Similarly, RLUIP provides that no government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution unless the government demonstrates that the burden is in furtherance of a compelling governmental interest and is the least restrictive means of furthering that interest. 42 U.S.C. § 2000cc-1(a). Plaintiff has argued no set of facts that could support a finding of a substantial burden on his religious activities. On the contrary, his Complaint shows that the prison confused its paperwork and mistakenly took him off the list of prisoners who were receiving Ramadan-specific meals. An affidavit from Warden Davis shows that this mistake stemmed from Plaintiff's relocation to a Special Management Unit and lack of communication between Plaintiff and the prison chaplain, and that it was later corrected. (Dkt. No. 23-2). The Plaintiff's Response to the Motion for Summary Judgment (Dkt. No. 28) argues mainly that proper fasting is an essential part of participation in Ramadan, and that the prison was slow in responding to the grievances he filed following his unsatisfactory fasting. However, it does not dispute Warden Davis's affidavit's explanation as to how he was inadvertently excluded from Ramadan meals.

The Court therefore agrees with Defendants that the Plaintiff has raised no genuine issue of material fact as to whether he has an actionable claim under the First Amendment or RLUIPA.

Having so resolved the matter, the Court declines to reach Defendants' arguments regarding immunity, vicarious or supervisory liability, or any affirmative defenses.

Plaintiff objects to the R & R's recommendation that summary judgment be granted on five grounds. First, he argues that because he was never taken off of the Ramadan list. (Dkt. No. 43 at 2). This statement contradicts his own statements in the Complaint as well as the affidavit submitted by Defendants to explain the confusion that led to his Ramadan breakfasts being unavailable at the correct time; in addition, he has offered no factual basis for the allegation that there was any ill will associated with the prison's failure to provide the correct meals at the correct time even if there was not a mistake with the list. Second and relatedly, he argues that the Defendants' actions constitution "deliberate indifference as well in violation of the U.S. Constitution" (*Id.* at 5). However, no factual basis is offered for this claim either. The third and fourth objections concern qualified immunity and vicarious liability, which the Court has already declined to reach, having granted summary judgment on other grounds.

## IV. Conclusion

Defendants' Motion for Summary Judgment (Dkt. No. 23) is **GRANTED** and Plaintiff's complaint is **DISMISSED**.

**IT IS SO ORDERED.**

Richard M. Gergel
United States District Judge

June [ ], 2015
Charleston, South Carolina

5